IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 98-75 |
| | ) | Electronically Filed |
| BARRY AUMAN | ) | |

MEMORANDUM OPINION

I

The defendant, Barry Auman, has filed a motion entitled "Dodd Motion." For the reasons set forth below, the motion will be denied.

II

The history of this criminal case may be summarized as follows:

In Indictment No. 98-75, the defendant was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The charge arose out of the presence of a loaded rifle on the floor of the back seat of the automobile the defendant was operating at the time of his arrest by City of Pittsburgh police officers during the early morning hours of September 23, 1995. On January 27, 1999, a jury found the defendant guilty of the charge in Indictment No. 98-75. He was sentenced to a term of imprisonment of 235 months on May 14, 1999.[1]

---

1. Under Section 2K2.1(a) of the United States Sentencing Guidelines ("USSG"), the defendant's base offense level for the instant offense was 20 because the defendant had at least one prior felony conviction for either a crime of violence or a controlled substance offense. Because the defendant qualified as an armed career criminal under Section 4B1.4 of the USSG, however, his offense level was increased to 33. The defendant's criminal convictions resulted in a criminal history score of 10. Under Section 4A1.1(d) of the USSG, the defendant's criminal history score was increased by 2 points because he was on probation for a state sentence at the
(continued...)

The defendant filed a timely notice of appeal from his conviction and sentence, and, on November 15, 1999, the Third Circuit issued an opinion, affirming in part, reversing in part and remanding the case for further proceedings. Specifically, the Third Circuit found that (a) there was sufficient evidence to support the defendant's conviction; (b) the Court did not abuse its discretion in allowing the jurors during deliberations to examine the rifle found in the defendant's automobile at the time of his arrest for the instant offense; (c) the enhancement of the defendant's offense level under Section 4B1.4 of the USSG, relating to armed career criminals, was appropriate based on his criminal history; and (d) the case should be remanded to permit the Court to consider whether the defendant's offense level or criminal history overstated his criminal conduct, warranting a downward departure from the applicable range of imprisonment under Section 4A1.3 of the USSG (*see* United States v. Shoupe, 35 F.3d 835 (3d Cir. 1994)).

A further sentencing hearing was held on January 12, 2000. The Court granted the defendant's motion for a downward departure and reduced his term of imprisonment for the instant offense from 235 months to 180 months. On March 31, 2000, the defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court denied the defendant's Section 2255 motion on July 13, 2000, concluding that (a) the defendant's failure to allege the violation of a cognizable constitutional right precluded him from pursuing a

---

(...continued)
time of the instant offense, and, under Section 4A1.1(e) of the USSG, the defendant's criminal history score was increased by 1 point because the instant offense was committed less than 2 years following his release from custody on a state sentence, resulting in a total criminal history score of 13 and a criminal history category of VI. Based on a total adjusted offense level of 33 and a criminal history category of VI, the defendant's range of imprisonment under the USSG was 235 to 293 months, and the Court sentenced him to the low end of the range.

claim of actual innocence in a federal habeas proceeding; (b) in any event, the defendant's demonstration of actual innocence, *i.e.*, the absence of the defendant's fingerprints on the rifle found in the automobile he was operating at the time of his arrest for the instant offense, was insufficient to warrant a new trial; (c) the defendant was not entitled to a new trial based on alleged prosecutorial misconduct; (d) defense counsel's failure to object to alleged misstatements by the prosecutor did not constitute ineffective assistance of counsel; (e) the defendant's claim of selective and vindictive prosecution was meritless; and (f) the Court's charge to the jury adequately set forth the element of "knowing" possession and accurately described the meaning of "reasonable doubt."

On July 22, 2000, the defendant filed a timely notice of appeal from the Court's July 13, 2000 Memorandum and Order denying his Section 2255 motion. On September 6, 2000, the Third Circuit remanded the matter for the Court to determine whether a certificate of appealability should be issued under 28 U.S.C. § 2253, and, on September 12, 2000, the Court entered an order denying a certificate of appealability based on the defendant's failure to make a substantial showing of the denial of a constitutional right. Thereafter, on July 13, 2001, the Third Circuit issued an order denying a certificate of appealability to the defendant based on his failure to make a substantial showing of the denial of a constitutional right and indicating that the defendant's Section 2255 motion lacked merit for the reasons stated by this Court.

On January 3, 2006, the defendant filed the present "Dodd Motion," to which the government filed a response on January 20, 2006.

III

On January 12, 2005, long after the defendant's judgment of conviction in this case became final and his initial Section 2255 motion was denied, the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005), which is the basis for the defendant's "Dodd Motion." In Booker, which was decided by two opinions, the Supreme Court held that the Sixth Amendment as construed in Blakely v. Washington, 542 U.S. 296 (2004), applied to the USSG.[2] In the first opinion in Booker, which was written by Justice Stevens for a majority of five justices, the Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," and extended that rule to the USSG. In the second opinion in Booker, which was written by Justice Breyer for a majority of five justices, the Court held that 18 U.S.C. § 3553(b)(1), which was the provision of the Sentencing Reform Act of 1984 making the USSG mandatory, was incompatible with the Court's constitutional ruling. Therefore, Section 3553(b)(1) was severed and excised from the Sentencing Reform Act of 1984.[3]

The Supreme Court's decision in Booker does not apply retroactively to cases on collateral review. *See* In re Olopade, 403 F.3d 159 (3d Cir. 2005)(In Booker, the Supreme Court

---

2. In Blakely, the Supreme Court held that Washington State's determinate sentencing scheme, a scheme similar to the USSG, violated the Sixth Amendment right to a jury trial because judges were (a) imposing sentences that were not based solely on facts reflected in the verdict of the jury or admitted by a defendant, and (b) using a preponderance of the evidence standard to find the facts necessary to the sentence imposed. 542 U.S. at 301-05.

3. Following Booker, the USSG are merely advisory.

did not mention collateral review and only expressly applied its holdings to cases on direct appeal. Thus, defendant could not file a second or successive motion to vacate based on a claim that his sentence was imposed under a mandatory guideline system in violation of Booker); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005)(Rule of law announced in Booker did not apply retroactively to prisoners who were in initial Section 2255 stage as of the date Booker issued).

Recognizing his inability at the present time to seek authorization under 28 U.S.C. § 2244 to file a second or successive Section 2255 motion to challenge his sentence under Booker, the defendant in his "Dodd Motion" is attempting to preserve a Booker challenge based on the decision of the Supreme Court in Dodd v. United States, ___ U.S. ___, 125 S.Ct. 2478 (2005). Stated differently, the defendant is attempting to preserve a Booker challenge to the sentence imposed on him by this Court until such time as the Supreme Court holds that the Booker decision applies retroactively to cases on collateral review.[4]

---

4. In Dodd, following the affirmance of his conviction for engaging in a continuing criminal enterprise and other offenses, a federal prisoner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence because his conviction was contrary to Richardson v. United States, 526 U.S. 813 (1999), which held that a jury must agree unanimously that a defendant is guilty of each of the specific violations that together constitute the continuing criminal enterprise. The district court held that, because Richardson had been decided more than one year before Dodd filed his motion, the motion was untimely under § 2255, ¶ 6(3), which provides that § 2255's one-year limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." On appeal, Dodd argued that ¶ 6(3)'s limitation period began to run on April 19, 2002, the date on which the Eleventh Circuit recognized Richardson's retroactive application to cases on collateral review. However, the Eleventh Circuit held that the limitation period began to run on June 1, 1999, the date the Supreme Court initially decided Richardson, rendering Dodd's motion untimely. Certiorari was granted, and the Supreme Court affirmed, holding that the one-year limitation period for filing a motion to vacate based on a right that was newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable.

did not mention collateral review and only expressly applied its holdings to cases on direct appeal. Thus, defendant could not file a second or successive motion to vacate based on a claim that his sentence was imposed under a mandatory guideline system in violation of Booker); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005)(Rule of law announced in Booker did not apply retroactively to prisoners who were in initial Section 2255 stage as of the date Booker issued).

new # 5

Recognizing his inability at the present time to seek authorization under 28 U.S.C. § 2244 to file a second or successive Section 2255 motion to challenge his sentence under Booker, the defendant in his "Dodd Motion" is attempting to preserve a Booker challenge based on the decision of the Supreme Court in Dodd v. United States, ___ U.S. ___, 125 S.Ct. 2478 (2005). Stated differently, the defendant is attempting to preserve a Booker challenge to the sentence imposed on him by this Court until such time as the Supreme Court holds that the Booker decision applies retroactively to cases on collateral review.[4]

---

4. In Dodd, following the affirmance of his conviction for engaging in a continuing criminal enterprise and other offenses, a federal prisoner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence because his conviction was contrary to Richardson v. United States, 526 U.S. 813 (1999), which held that a jury must agree unanimously that a defendant is guilty of each of the specific violations that together constitute the continuing criminal enterprise. The district court held that, because Richardson had been decided more than one year before Dodd filed his motion, the motion was untimely under § 2255, ¶ 6(3), which provides that § 2255's one-year limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." On appeal, Dodd argued that ¶ 6(3)'s limitation period began to run on April 19, 2002, the date on which the Eleventh Circuit recognized Richardson's retroactive application to cases on collateral review. However, the Eleventh Circuit held that the limitation period began to run on June 1, 1999, the date the Supreme Court initially decided Richardson, rendering Dodd's motion untimely. Certiorari was granted, and the Supreme Court affirmed, holding that the one-year limitation period for filing a motion to vacate based on a right that was newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable.

The Court has found no authority to support the relief requested by the defendant in his "Dodd Motion." In fact, the only case within the Third Circuit to address a similar motion denied the requested relief in an unreported decision. *See* United States v. Clark, 2006 WL 118315 (M.D.Pa. 2006)("It appears that Petitioner is trying to preserve his right to raise a Booker issue at such time as the Supreme Court rules that Booker is retroactive. To date, Booker has only been applied to cases sentenced within the one year limitation [set forth in 28 U.S.C. § 2255] and which have not become final. Petitioner cannot raise a Booker claim because the one-year limitations period has expired and his case is final."). Moreover, the sentence imposed upon the defendant in this case does not implicate Booker. As noted above, the defendant's sentence was enhanced solely on the basis of prior convictions to which the Supreme Court's holding in Booker does not apply. Under the circumstances, the defendant's "Dodd Motion" will be denied.

An appropriate order follows.

Arthur J. Schwab
United States District Judge
for
William L. Standish
United States District Judge